UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x    16-CV-05350 (LDH)(RLM)

CHAIM HALTOVSKY, Individually and on behalf
of all others similarly situated,

                      Plaintiff                ANSWER TO CLASS ACTION
                                                            STYLED COMPLAINT

      against

RUBIN & ROTHMAN, LLC,

                      Defendant

------------------------------------------------------------------x

Defendant, RUBIN & ROTHMAN, LLC ("Defendant"), by its attorney ROBERT L. ARLEO, answering the Plaintiff's class action styled Complaint dated and filed September 26, 2016 ("hereinafter Plaintiff's Complaint")(Dkt. No. 1), sets forth as follows:

1. In regard to the allegations set forth in paragraph 1 of the Plaintiff's Complaint, admit that the Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act (FDCPA) but otherwise deny that the Plaintiff has any right to claim any violation of the FDCPA by the Defendant.

2. In regard to the allegations set forth in paragraphs 7 and 8 of the Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction and venue.

3. Admit the allegations set forth in paragraphs 2, 3, 4, 5, 6, 9, 10, 11, 26 and 36 of the Plaintiff's Complaint.

4. In regard to the class action allegations set forth in paragraphs 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60 and 61 of the Plaintiff's Complaint, deny said allegations and otherwise state that the herein action cannot satisfy the requirements for class certification as same are set forth in Fed. R. Civ. P. 23.

5. In regard to the allegations set forth in paragraph 13 of the Plaintiff's Complaint, cannot admit or deny the Plaintiff's state of mind but deny that the Defendant was obligated to disclose the fact that the debt set forth in the letter would not increase due to any additional interest and/or costs and/or fees.

6. In regard to the allegations set forth in paragraph 15 of the Plaintiff's Complaint, if the consumer paid the balance set forth in the referenced collection letter at any time, the debt would be considered paid in full by the creditor, Capital One Bank (USA) N.A. ("COBNA") and, by extension thereof, the Defendant.

7. In regard to the allegations set forth in paragraph 16 of the Plaintiff's Complaint, deny that the Defendant would seek interest at anytime. As interest is not accruing daily by choice of the creditor COBNA, nothing in the FDCPA, or in the decision of the Second Circuit Court of Appeals contained in *Avila v. Riexinger & Assocs., LLC*, requires the Defendant to advise of any policy, concerning interest, other than the policy of COBNA which precludes the Defendant from collecting, or attempting to collect, interest.

8. In regard to the allegations set forth in paragraphs 18 and 34 of the Plaintiff's Complaint, admit that, in some circumstances, a debt collector should advise a consumer that a balance may increase due to interest and fees if, in fact, such is the case but again assert that the balance amount, owed by the Plaintiff, is not increasing due to interest and/or costs and/or fees in conjunction with COBNA's policy and practice.

9. In regard to the allegations set forth in paragraph 25 of the Plaintiff's Complaint, refer to the *Avila* decision, referenced therein, to determine the accuracy of said statements.

10. In regard to the allegations set forth in paragraph 30 of the Plaintiff's Complaint, assert that actions other debt collectors may or may not have undertaken are irrelevant to the herein Defendant, otherwise deny the remaining allegations set forth in said paragraph 30.

11. In regard to the allegations set forth in paragraph 34 of the Plaintiff's Complaint, admit the allegations set forth therein if, in fact, and in some circumstances, a balance will increase due to interest and/or fees to the extent that the debt collector is aware that interest and/or fees would be added to the balance in certain particular circumstances.

12. The allegations set forth in paragraph 35 of the Plaintiff's Complaint are alleged conclusions of law to which no response is required.

13. The allegations set forth in the initial portion paragraph 45 of the Plaintiff's Complaint are alleged conclusions of law to which no response is required. Otherwise, deny the remaining allegations set forth in said paragraph 45 of the Plaintiff's Complaint.

14. Deny the allegations set forth in paragraphs 12, 14, 17, 19, 20, 21, 22, 23, 24, 27, 28, 29, 31, 32, 33, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 62, 63 and 64 of the Plaintiff's Complaint.

15. In regard to the allegations set forth in paragraph 59 of the Plaintiff's Complaint refer to each and every paragraph set forth in the herein Answer.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. The herein action was brought in bad faith and for the purpose of harassment. On May 4, 2016, the Plaintiff and his attorney filed a purported class action in regard to the same letter at issue herein. A copy of said lawsuit is attached as Exhibit "1" hereto.

12. Thereafter, attorney Keith Rothman, President and sole shareholder of the Defendant Rubin & Rothman, LLC, communicated with Plaintiff's counsel and advised him that COBNA does not charge pre-judgment or post-judgment interest. Attached hereto as Exhibit "2" is an affidavit executed by Keith Rothman confirming that COBNA does not charge pre-judgment or post-judgment interest.

13. Despite being made well aware that COBNA has waived all interest regarding the debt prior to filing the herein action, the Plaintiff baselessly alleges in portions of the Complaint that interest is accruing on the debt.

14. When forced to confront the fact that COBNA waives interest, the Plaintiff then baselessly argues in other portions of his Complaint that the Defendant was required to so advise in the letter. However, there is nothing in the *Avila* decision, nor in the FDCPA nor, upon information and belief, in any FDCPA case decision which requires a debt collector to advise that interest has been waived.

15. A demonstration of the Plaintiff's bad faith and harassment, and his attempt to fabricate an FDCPA claim where none exists, is set forth in paragraph 47 of the Plaintiff's Complaint. The Complaint does not allege any actions undertaken by the Defendant other than sending the subject letter. The Complaint does not allege that the Defendant undertook any improper actions in the manner via which the judgment was obtained by the Defendant in the Kings County Court, yet the Plaintiff alleges in said paragraph 47 that he has "…suffered damages including, but not limited to, fear,

stress, mental anguish, emotional distress and (last but not least) *acute embarrassment* (italics added). The Plaintiff then demands that he and the alleged putative class members are entitled to "preliminary and permanent injunctive relief" despite the fact that FDCPA case law holds that injunctive relief is not available in an FDCPA lawsuit commenced by a consumer.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. The Plaintiff failed to mitigate his alleged actual damages.

WHEREFORE, the Defendant requests that the Court order that the Plaintiff pay the attorneys fees and costs incurred by the Defendant in defense of the herein action pursuant to 15 U.S.C. § 1692k (a)(3), to set a date for a determination for the amount of fees and costs incurred by the Defendant and thereafter dismiss the herein action with prejudice as to the Plaintiff. If the Court declines this request, and all dispositive motions which may be filed by the Defendant do not succeed, then the Defendant invokes its right to trial by jury.

DATED: New York, New York
            October 21, 2016

                                                                    /s/        Robert L. Arleo
                                                                    ROBERT L. ARLEO, ESQ. P.C.
                                                                    380 Lexington Avenue,
                                                                    17th Floor
                                                                    New York, New York  10168
                                                                    Phone: (212) 551-1115
                                                                    Fax: (518) 751-1801
                                                                    Email: robertarleo@gmail.com

TO: LAW OFFICES OF DAVID PALACE
    383 Kingston Ave. #113
    Brooklyn, New York   11213