UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================
CHAIM HALTOVSKY individually and
on behalf of all others similarly situated

                        Plaintiff,

     -against-

RUBIN & ROTHMAN LLC

                        Defendant.

=====================================

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Chaim Haltovsky files this Complaint seeking redress for the illegal practices of Rubin & Rothman LLC, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

-1-

4. Upon information and belief, Defendant's principal place of business is located in Islandia, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Chaim Haltovsky

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about October 15, 2015, Rubin & Rothman LLC sent a collection letter to the Plaintiff Chaim Haltovsky. (see attached exhibit)

11. The said letter was an effort to collect on a consumer debt.

12. Defendant's said letter was deceptive and misleading as it simply identified the "Balance," but did not indicate that the balance may increase due to interest and fees.

13. The Plaintiff was left unsure whether the "Balance" was accruing interest as there was no disclosure that indicated otherwise.

14. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

15. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "Balance" stated on the notice will not know whether the debt has been paid in full.

16. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

17. The statement of an "Balance", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

18. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

19. Collection notices that state only the "Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

20. The Plaintiff and an unsophisticated consumer would be led to believe

that the "Balance" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

21. Yet in reality, interest was accruing on a daily basis and the Defendant has tried to collect this interest from the Plaintiff.

22. A consumer who pays the "Balance" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

23. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

24. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

25. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

26. The said letter is a standardized form letter.

27. On information and belief, the Defendant's collection letters, such as the said October 15, 2015 collection letter, number in the hundreds.

28. Defendant's October 15, 2015 letter is in violation of 15 U.S.C. §§ 1692e,

1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

29. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

30. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

31. The identities of all class members are readily ascertainable from the records of Rubin & Rothman LLC and those business and governmental entities on whose behalf it attempts to collect debts.

32. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Rubin & Rothman LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

33. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

34. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

35. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

36. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

37. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

40. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. This cause of action is brought on behalf of Plaintiff and the members of a class.

43. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

-8-

### *Violations of the Fair Debt Collection Practices Act*

44. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

45. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

46. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

    Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
 May 4, 2016

          /s/ David Palace_____
          **Law Offices of David Palace** (DP 3855)
          383 Kingston Ave. #113
          Brooklyn, New York 11213
          Telephone: 347-651-1077
          Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

          /s/ David Palace_____
          David Palace esq. (DP 3855)

Redacted

| | | |
|---|---|---|
| JOSEPH RUBIN (1927-1994)<br>KEITH H. ROTHMAN[1]<br>―――――――<br>DAVID K. KOWALENKO[1,2]<br>Managing Attorney<br>New Jersey Office<br>190 NORTH AVENUE EAST<br>P.O. BOX 8<br>CRANFORD, N.J. 07016<br><br>REPLY TO N.Y. OFFICE | # RUBIN & ROTHMAN, LLC<br>A LIMITED LIABILITY COMPANY OF NY & NJ<br>ATTORNEYS AT LAW<br>1787 VETERANS HIGHWAY SUITE 32<br>P.O. BOX 9003<br>ISLANDIA, N.Y. 11749<br>TEL (631) 234-1500<br>---<br>FAX (631) 234-1138<br><br>1-877-207-9976  Ext: 281 | FRANK ROTHMAN[1]<br>DAVID ROTHMAN[1,2]<br>MICHAEL G. GULOTTA[1,2]<br>ADRIENNE CERVENKA[1]<br>AARON DEACON[1]<br>MICHAEL JOHNSON[1]<br>SUBY MATHEW[1]<br>ERIC S. PILLISCHER[1]<br>SCOTT H. RUMPH[1]<br>ANGELO L. SIRAGUSA[1]<br>―――――――<br>[1]MEMBER N.Y. BAR<br>[2]MEMBER N.J. BAR |

October 15, 2015

CHAIM HALTOVSKY
953 52ND ST
BROOKLYN NY 11219-4003

       OUR FILE NO <span>Redacted</span>683
         CREDITOR: CAPITAL ONE BANK (USA), N.A.
         BALANCE: $1,896.92

Dear Sir/Madam,

Please be advised that the above creditor recently obtained a judgment against you. As of the date of this letter, the above amount is due on the judgment.

Unless you have previously entered into a payment schedule, we must ask you to contact us to discuss payment in full or a payment arrangement.

All checks should be sent to P.O. Box 550, Islandia, New York 11749, payable to Rubin and Rothman, and refer to our file number 1102683.

Please contact us at the above phone number even if you are unable to pay this debt at this time.

A copy of a notice to the debtor under CPLR 5222 is annexed.

                           RUBIN & ROTHMAN, LLC

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Federal and State law require that we treat you fairly and prohibit certain methods of debt collection. Please view our website at www.RubinRothman.com to review your rights under Federal and State Law.

Kings County Civil Court
Civil Judgment

**Redacted**

Plaintiff(s):
CAPITAL ONE BANK (USA), N.A.

vs.

Defendant(s):
CHAIM HALTOVSKY

Index Number: CV-030888-15/KI

Judgment issued: On Default

On Motion of:

Rubin & Rothman LLC
1787 Veterans Highway Suite 32, P.O. Box 9003, Islandia, NY 11749

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $1,731.92 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $95.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $0.00 |
| Interest | $0.00 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $0.00 | Jury Demand Fee | $0.00 | | |
| Total Damages | $1,731.92 | Total Costs & Disbursements | $165.00 | Judgment Total | $1,896.92 |

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) CAPITAL ONE BANK (USA), N.A.
4851 COX ROAD, GLEN ALLEN, VA 23060

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) CHAIM HALTOVSKY
953 52ND ST, Brooklyn, NY 11219-4003

Judgment entered at the Kings County Civil Court, 141 Livingston Street, Brooklyn, NY 11201, in the STATE OF NEW YORK in the total amount of **$1,896.92 on 10/02/2015 at 03:02 PM.**

Judgment sequence 1

*Carol Alt*
Carol Alt, Chief Clerk

Page 1 of 1